PEOPLE v FREED

1. ARREST—MICHIGAN STATE POLICE—AUTHORIZATION—GOVERNOR—
ATTORNEY GENERAL—AUTHORIZED SUBORDINATES—STATUTES.

Arrests made by officers of the Michigan State Police do not have
to be personally authorized by the Governor or the Attorney
General since the Legislature in enacting a statute providing
for the state police to serve and execute all criminal and civil
process upon direction of the Governor or the Attorney General
intended that these officials act through duly authorized subor-
dinates (MCLA 14.35, 28.6; MSA 3.188, 4.436).

2. ARREST—MICHIGAN STATE POLICE—SERVICE OF CIVIL PROCESS—
GOVERNOR—ATTORNEY GENERAL—AUTHORIZATION—STATUTES.

The Michigan State Police may serve civil process when directed
by the Governor or the Attorney General in actions in which
the state is a party; therefore, a defendant was properly ar-
rested by the Michigan State Police, where the arrest was
pursuant to a bench warrant issued by a circuit judge in an
action in which the defendant was being sued by the State of
Michigan, and the arrest was authorized by an Assistant Attor-
ney General (MCLA 14.35, 28.6; MSA 3.188, 4.436).

3. APPEAL AND ERROR—MOTION FOR PREEMPTORY REVERSAL—TRIAL
TRANSCRIPT—SPECIFICITY.

A defendant's motion for preemptory reversal which alleged that
the trial judge withheld from him portions of the transcripts of
the defendant's trial should be denied where the defendant fails
to specify which portions of the transcript were withheld.

Appeal from Livingston, Paul R. Mahinske, J.
Submitted February 3, 1976, at Lansing. (Docket
No. 21100.) Decided March 25, 1976.

James D. Freed was convicted of carrying a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 62 Am Jur 2d, Process §§ 8, 10.
[3] 5 Am Jur 2d, Appeal and Error § 648 *et seq.*

concealed weapon and carrying a firearm with unlawful intent. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas J. Kizer, Jr.,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director and *Dennis M. Powers,* Special Assistant Attorney General, of counsel), for the people.

James D. Freed, *in propria persona.*

Before: M. J. KELLY, P. J., and V. J. BRENNAN and DANHOF, JJ.

PER CURIAM. Defendant, James Donald Freed, was convicted of carrying a concealed weapon, MCLA 750.227; MSA 28.424, and carrying a firearm with unlawful intent, MCLA 750.226; MSA 28.423, on June 6, 1974, after a two-day jury trial. On July 16, 1974, defendant was sentenced to concurrent prison terms of 2-1/2 to 5 years on each count. Defendant appeals as of right.

Defendant was arrested by Michigan State Police officers pursuant to a bench warrant issued by the Ingham County Circuit Court which was hearing a tax case in which the defendant was being sued by the State of Michigan. In a search incident to the arrest, the officers found and seized a .22-caliber pistol which defendant was carrying concealed on his person without a license to do so. Defendant moved to suppress the evidence on the grounds that it was the fruit of an illegal arrest. Defendant's motion was denied.

Defendant contends that his arrest by the Michigan State Police was unauthorized and unlawful, relying on MCLA 28.6; MSA 4.436. The statute provides in pertinent part:

"Any such member of the said department may serve and execute all criminal and civil process, when directed to do so by the governor or the attorney general, in actions and matters in which the state is a party. The commissioner and said department shall be under the immediate control and direction of the governor, and any member thereof may be employed by the attorney general in any investigation or matter under the jurisdiction of his department."

Defendant contends that his arrest was in contravention of this statute, in that the arrest was not personally authorized by the Governor or the Attorney General. We disagree. We note that MCLA 14.35; MSA 3.188 provides that an assistant attorney general may:

" * * * appear for the state in any suit or action before any court or administrative body * * * with the same powers and duties and in like cases as the attorney general, but shall at all times be subject to the orders and directions of the attorney general."

We do not believe that the Legislature intended that the Attorney General or the Governor personally authorize each and every arrest made by an officer of the Michigan State Police. Rather, we think the Legislature intended that the Governor and the Attorney General act through duly authorized subordinates.

We are cited to no case which expressly construes the provisions of this statute, and we can find none. The Attorney General of the State of Michigan, however, has consistently opined that the Michigan State Police may serve civil process when directed by the Governor or the Attorney General in actions in which the state is a party. See 1 OAG, 1957, No 2,883, p 160 (April 12, 1957) and other opinions cited therein. We agree with the Attorney General.

In the case at bar, the arrest was authorized by an Assistant Attorney General and the State of Michigan was a party to the action. We hold that the officers of the Michigan State Police were authorized by MCLA 28.6; MSA 4.436 and MCLA 14.35; MSA 3.188 to arrest the defendant.

Defendant's reliance on the case of *United States v Giordano,* 416 US 505; 94 S Ct 1820; 40 L Ed 2d 341 (1974), is misplaced. There, the United States Supreme Court in construing 18 USC § 2516(1) held that the statute must be read as limiting the authority to authorize wiretaps to the officials specified in the statutory language, since the statute was intended as a prophylactic device designed to prevent abuses of the wiretap power by insuring that the power would be granted only to a small number of identifiable and politically responsible individuals. Such policy considerations are notably absent from the case at bar, so we find *Giordano* inapposite.

Finally, defendant contends that certain portions of the transcript were withheld from him by the trial judge. This Court has previously ruled on this matter by an order dated November 12, 1975. Therein we denied defendant's motion for preemptory reversal,

"because the defendant-appellant has failed to specify the portions of the transcript which are allegedly being withheld by the trial judge. This denial is without prejudice to the appellant's filing in this Court of an appropriate motion specifying those portions of the transcript which he alleges are being withheld."

Since the defendant has not favored us with such a specific motion, we see no reason to disturb that portion of our November 12, 1975, order.

Affirmed.